United States District Court
Southern District of Texas
**ENTERED**
February 18, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TOMMY ALLEN O'NEAL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-00176 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Tommy Allen O'Neal is an inmate in the Texas Department of Criminal Justice and is currently incarcerated at the Hodge Unit in Rusk, Texas. Proceeding *pro se*, O'Neal filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on July 5, 2020.[1] (D.E. 1). O'Neal raises two claims, contending that he is actually innocent and that his trial counsel was ineffective.[2] Respondent filed a motion to dismiss contending that the § 2254 petition was untimely, to which O'Neal has not responded. (D.E. 29). As discussed more fully below, it is respectfully recommended that Respondent's motion to dismiss be

---

[1] O'Neal stated under penalty of perjury that he placed his petition in the prison mail system on July 5, 2020, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases (discussing the mailbox rule).

[2] O'Neal subsequently filed a second petition that was consolidated with his first petition. (D.E. 12, 13). The second petition raises essentially the same claims, although it adds more detail. (D.E. 13 at 6-7).

granted and O'Neal's habeas corpus petition be dismissed as untimely. It is further recommended that a Certificate of Appealability ("COA") be denied.

### I. JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because O'Neal was convicted in Nueces County, Texas. 28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

### II. BACKGROUND

#### a. Petition and Claims

In his petitions, O'Neal first argues that counsel was ineffective for not properly preparing for trial and refusing to take the case to trial. (D.E. 1 at 6; D.E. 13 at 6). Second, he argues that he is actually innocent and that the accusations against him were false. (D.E. 1 at 6; D.E. 13 at 6-7).

#### b. State Court Records

In August 2002, O'Neal was charged in an indictment with two counts of aggravated sexual assault of a child, one count of burglary of a habitation with the intent to commit sexual assault, and four counts of aggravated assault. (D.E. 27-5 at 6-8). In December 2002, the trial court found O'Neal competent to stand trial. (*Id.* at 69-70). In May 2003, O'Neal pleaded guilty and was sentenced to 99 years' imprisonment on each of the first three counts and 15 years' imprisonment on each of the remaining counts. (*Id.* at 146).

On direct appeal, O'Neal argued that the trial court erred in not granting his motion for a new trial because his guilty plea was involuntary due to ineffective assistance of counsel. (D.E. 27-1 at 2). On August 12, 2004, the Thirteenth District Court of Appeals of

Texas affirmed the judgment. (*Id.* at 8). O'Neal did not file a petition for discretionary review. (D.E. 29-2 at 2).

On February 3, 2005,[3] O'Neal filed his first application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. (D.E. 27-8 at 6-26). He raised the same claim as in his direct appeal. (*Id.* at 11). The trial court concluded that the application presented no controverted, previously unresolved facts material to the legality of his confinement and recommended that the application be denied. (*Id.* at 48). On March 9, 2005, the Texas Court of Criminal Appeals ("TCCA") denied the Article 11.07 application without written order on the findings of the trial court. (*Id.* at 2).

In December 2014, O'Neal filed a second Article 11.07 application. (D.E. 27-10 at 4-21). The trial court recommended dismissing the application as a subsequent application. (*Id.* at 30). On February 11, 2015, the TCCA dismissed the application as a subsequent application. (D.E. 27-9 at 1). In May 2020, O'Neal filed a third Article 11.07 application. (D.E. 27-13 at 12-28). The trial court again recommended dismissing the application as a subsequent application. (D.E. 27-12 at 12). On September 2, 2020, the TCCA dismissed the application as a subsequent application. (D.E. 27-11 at 1).

### III. DISCUSSION

In the motion to dismiss, Respondent contends that O'Neal's claims are barred by the statute of limitations. (D.E. 29 at 4-7). Specifically, Respondent argues that the judgment became final on September 13, 2004, 30 days after the conclusion of the direct

---

[3] O'Neal did not date the filing, but it was stamped as received on February 3, 2005.

3

appeal, and O'Neal was accordingly required to file his § 2254 petition by September 13, 2005. (*Id.* at 5-6). Respondent contends that O'Neal's first Article 11.07 application tolled the limitations period for 34 days, extending his deadline to October 17, 2005. (*Id.* at 6). However, Respondent contends that O'Neal is not entitled to any other statutory or equitable tolling, meaning that his application was almost 15 years late. (*Id.* at 6-7).

O'Neal has not responded.

A one-year limitation period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1).

A petition for discretionary review to the Texas Court of Criminal Appeals must be filed within 30 days after either the day the court of appeals rendered judgment or the day the last timely motion for rehearing or *en banc* reconsideration was overruled. Tex. R. App. Proc. 68.2(a).

The time during which a properly filed state collateral review application is pending is not counted toward the limitation period. 28 U.S.C. § 2244(d)(2). A state habeas petition

filed after the limitation period ends does not toll the limitation period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The timeliness provision in § 2244(d) is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling only if he can show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way. *Id.* at 649. Such a circumstance exists where, for example, the plaintiff was misled by the defendant about the cause of action or was otherwise prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). A standard claim of excusable neglect is insufficient. *Id.* Ignorance of the law generally does not excuse prompt filing, even for a *pro se* prisoner. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). The failure to satisfy the limitation period must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). The Fifth Circuit and other circuits have concluded that dyslexia and learning disabilities, without a greater explanation of their effect on a petitioner, do not qualify as extraordinary circumstances. *See, e.g., Shank v. Vannoy*, 2017 WL 6029846 at *2 (5th Cir. 2017); *Hemenway v. Washington*, 409 F. App'x 93, 94 (9th Cir. 2010); *Springer v. Benik*, 134 F. App'x 961, 963 (7th Cir. 2005).

Here, O'Neal's § 2254 petition is untimely, and he has not established that he is entitled to statutory or equitable tolling. He had 30 days to file a petition for discretionary review following the judgment of the court of appeals. Tex. R. App. Proc. 68.2(a). Because he did not file a petition for discretionary review, his conviction became final at the expiration of those 30 days on September 13, 2004, and his § 2254 petition was due one year later. (*See* D.E. 27-1 at 8). His first Article 11.07 application tolled the limitations period for the 34 days it was pending, extending O'Neal's deadline until October 17, 2005. 28 U.S.C. § 2244(d)(2). O'Neal did not file his petition until July 2020, almost 15 years later. (D.E. 1 at 10). O'Neal is not entitled to statutory tolling for his second and third Article 11.07 applications because they were filed after the expiration of the limitations period. *Scott*, 227 F.3d at 263.

Finally, O'Neal has not established that he is entitled to equitable tolling because he has not shown any extraordinary circumstance that prevented him from filing his § 2254 petition earlier. *Holland*, 560 U.S. at 649. O'Neal has not responded to the motion to dismiss. In some other filings, O'Neal indicates that he has a learning disability. (*See* D.E. 5 at 1). However, he has not explained the effect that had on his ability to timely file his petition, and several circuits, including the Fifth Circuit, have concluded that learning disabilities do not qualify as an extraordinary circumstance. *See Shank*, 2017 WL 6029846 at *2; *Hemenway*, 409 F. App'x at 94; *Springer*, 134 F. App'x at 963. In particular, O'Neal has not explained how this resulted in him filing his petition almost 15 years late, particularly where he was able to previously file state petitions.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although O'Neal has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that O'Neal's claims are time-barred. Therefore, it is further recommended that any request for a COA be denied because he has not made the necessary showing for such issuance.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion to dismiss (D.E. 29) be GRANTED. O'Neal's § 2254 petition should be DISMISSED as untimely. In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

7

Respectfully submitted on February 18, 2021.

                                                      _____
                                                     Julie K. Hampton
                                                     United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).